UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NETSTANDARD, INC.,

   Plaintiff,

v.

CITRIX SYSTEMS, INC.,

   Defendant.

CASE NO.  2:16-cv-02343-CM-JPO

**MEMORANDUM OF LAW IN SUPPORT OF CITRIX SYSTEMS, INC.'S
MOTION TO STRIKE DECLARATION OF WALT LANE**

  In further support of its Motion to Strike the Declaration of Walt Lane (Dkt. No. 75-3) (Lane Declaration) filed in opposition to Citrix's Motion to Transfer Venue (Dkt. No. 30), Citrix Systems, Inc.'s (Citrix) states as follows:

  1. Plaintiff Netstandard, Inc. (Netstandard) alleges Citrix software it purchased did not perform as advertised causing Netstandard to sustain damages in excess of $4 million.  The terms of the end-user license agreement (EULA) applicable to the software establishes "the State and Federal courts within Broward County, Florida" as the exclusive venue for any disputes arising in connection with the software.  Nevertheless, Netstandard initiated this lawsuit against Citrix in Kansas.  In accordance with the terms of the EULA, Citrix moved to transfer venue to the United States District Court for the Southern District of Florida.

  2. Netstandard argues the contract it entered to purchase the software in 2013 does not bind Netstandard to Citrix's EULA because it claims it did not have notice of the EULA until *after* it placed the order.  Accordingly, Netstandard argues that the EULA is a proposed "additional term" of the contract, which it claims is not enforceable.  *See Wachter Management Co. v. Dexter & Chaney, Inc.*, 282 Kan. 365 (2006).

1

3.      Citrix has submitted substantial evidence that Netstandard was on notice of the EULA *before* Netstandard placed its order.  Among other things, Citrix's automated registration system sent an e-mail to Netstandard's lead negotiator and designated contact, Leo Hart, on June 29, 2013, at his work e-mail address (lhart@Netstandard.com) notifying him that any purchase would be subject to Citrix's EULA.  (*See generally,* Dkt. No. 65).  At deposition, Mr. Hart testified he could not recall "one way or the other" if he received the e-mail registration notice.  Deposition of Leo Hart, p. 94:5-18.  Under Kansas law, however, there is a presumption it was received.  *Cf. Howard v. Ferrellgas Partners, LP*, 92 F. Supp.3d 1115, 1135 (D. Kan. 2015).

4.      In an apparent attempt to create a factual dispute which Netstandard hopes will derail Citrix's motion to transfer venue, Netstandard submitted a declaration from its president, Walt Lane.  In his declaration – and without any supporting detail or explanation – Mr. Lane simply states Netstandard "never received" the e-mail Citrix sent to Mr. Hart in June 2013.  (Lane Decl. ¶5).  The declaration should be struck on the grounds it provides no foundation to support such statement and because Mr. Lane has no personal knowledge as to whether Mr. Hart received the e-mail.

5.      Rule 602 of the Federal Rules of Evidence requires that a testifying witness "ha[ve] personal knowledge of the matter" testified to.  Fed.R.Evid. 602.  Also, Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits be made on personal knowledge and "set forth such facts as would be admissible in evidence…."  In the context of corporate declarants, courts often analyze a declarant's personal knowledge of the facts testified to in light of the declarant's position in the company.  *See Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006); *Univ. of Kansas v. Sinks*, 565 F. Supp. 2d 1216, 1227 (D. Kan. 2008).  In doing so, Courts have stricken testimony where personal knowledge of the

facts testified to cannot be inferred based on the declarant's position at the company, absent additional testimony laying a foundation for personal knowledge. *Argo*, 452 F.3d at 1200 (striking testimony regarding reasons behind termination of every female employee employed during affiant's tenure because, based on his role, affiant "was not in a position to acquire such comprehensive knowledge."); *Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, 2016 U.S. Dist. LEXIS 83908, *27, 2016 WL 3538250 (E.D. Cal. June 28, 2016) (striking portions of affidavit in which affiant "reports the content of emails that he neither sent nor received" on the basis that affiant lacked personal knowledge).

6. While Mr. Lane testified that the statements in his declaration are made on "personal knowledge," the declaration is void of any facts explaining how it is that Mr. Lane knows an e-mail sent to Leo Hart was "never received" by Netstandard. As a threshold matter, Mr. Lane does not state whether he was even employed by Netstandard when the e-mail was sent in June 2013. Moreover, the e-mail was sent to Mr. Hart *only*. Mr. Hart testified that he had no recollection "one way or the other" if he received the e-mail. Hart Dep., p 94:5-18. The Lane Declaration does not provide any explanation as to how Mr. Lane (who was not the recipient of the e-mail) knows that Mr. Hart (or anyone else at Netstandard for that matter) never received the e-mail. The utter lack of foundation makes the statement that Netstandard "never received" the e-mail inadmissible. Accordingly, the Lane Declaration should be struck.

## CONCLUSION

For all the foregoing reasons, Defendant Citrix Systems, Inc. respectfully requests that this Court strike the Declaration of Walt Lane.

Respectfully Submitted,

CITRIX SYSTEMS, INC.
By their attorneys,

    /s/   Robert H. Bernstein
Robert H. Bernstein, Esq. KS Fed. Bar No. 78213
GREENBERG TRAURIG, LLP
500 Campus Drive
Suite 400
Florham, NJ 07932-0677
Tel. (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)

OF COUNSEL:
John F. Farraher, Jr., BBO #568194 (*pro hac vice*)
Emily C. Hannigan BBO # 687935 (*pro hac vice*)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
Email:  Farraherj@gtlaw.com
Email: hannigane@gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on April 13, 2017.


    /s/   Robert Bernstein
DATED:        April 13, 2017                    Robert Bernstein, Esq.

4