**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **NETSTANDARD INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case # 2:16-cv-02343-CM-JPO |
| | ) | |
| v. | ) | |
| | ) | |
| **CITRIX SYSTEMS, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANT
CITRIX SYSTEMS, INC.'S MOTION TO STRIKE DECLARATION OF WALT LANE**

COMES NOW Plaintiff Netstandard, Inc. ("Netstandard"), by and through its attorney of record, Chris M. Troppito of Troppito Miller Griffin, LLC, and for its Response and Memorandum in Opposition to Defendant Citrix Systems, Inc.'s Motion to Strike Declaration of Walt Lane, states as follows:

**I. WALT LANE'S ORIGIANL AFFIDAVIT IS BASED ON HIS PERSONAL KNOWLEDGE AND SHOULD BE ALLOWED.**

Mr. Lane's original affidavit (Exhibit U; Docket No. 75-3) ("Original Affidavit") states that he has personal knowledge of the facts surrounding Netstandard's purchase of Citrix Cloud Stack Starter Pack and Cloud Portal Software. One of those facts is the alleged Registration Notice that Citrix claims it sent to Netstandard. Further, Mr. Lane is the President of Netstandard. It is common knowledge that a president of a company has access to all company files. A president of a company is "in a position to acquire such comprehensive knowledge." Mr. Lane's personal knowledge of the facts he testified to can be inferred based on him being the President of Netstandard. Citrix's cases can be distinguished as in *Argo*, the affiant was an individual enrollment specialist and not a human resources official, and therefore did not have the comprehensive knowledge pertaining to the performance and discipline of fellow individual

1

enrollment specialists. *Argo v. Blue Cross & Blue Shield of Kan., Inc*., 452 F.3d 1193, 1196, 1200 (10th Cir. Kan. 2006). Further, in *Bakersfield*, the affiant was a general manager. *Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC*, 2016 U.S. Dist. LEXIS 83908, *26 (E.D. Cal. June 28, 2016). As such, the affiants' positions in both *Argo* and *Bakersfield* are clearly lower positions than a president and thus they would not possess as comprehensive of knowledge or the ability to gain the information.

Further, Citrix cites to rule 56(e), which is a Summary Judgment rule and has no applicability in this matter. Citrix's Motion to Transfer is not a pleading seeking summary judgment; Citrix is only seeking a transfer of venue.

For the reasons stated above, Mr. Lane's Original Affidavit (Exhibit U) should not be stricken.

## II. IN THE ALTERNATIVE, THE COURT SHOULD PERMIT NETSTANDARD TO SUPPLEMENT MR. LANE'S ORIGINAL AFFIDAVIT IN ORDER TO CURE ANY DEFECT.

"When defective affidavits are submitted, the submission of additional affidavits is sufficient to cure any defects which may have existed in the original affidavit." *United States v. Macomb Contracting Corp.*, 1988 U.S. Dist. LEXIS 17608, *41 (M.D. Tenn. Oct. 14, 1988) (citing *Liberty Curtin Concerned Parents v. Keystone Cnt.*, 81 F.R.D. 590, 604 (M.D. Pa., 1978)). "Thus, when affidavits are filed to cure defects, the Court need not reach the question of whether the earlier affidavits themselves were sufficient." *Macomb Contracting Corp.*, 1988 U.S. Dist. LEXIS 17608 at *41.

Citrix argues that the Original Affidavit should be struck for a lack of foundation. Although Mr. Lane stated in his Original Affidavit that he had "personal knowledge of Citrix's Reply and the facts surrounding Netstandard's purchase of Citrix Cloud Stack Starter Pack and

Cloud Portal Software," he did not explain how he knew Netstandard never received the Registration Notice from Citrix. Accordingly, Mr. Lane has supplied a supplemental affidavit ("Supplemental Affidavit"), which is attached hereto as Exhibit U(1) that shows how he has personal knowledge that Netstandard never received the Registration Notice from Citrix. Specifically, Mr. Lane states in his Supplemental Affidavit [*see* Exhibit U(1), ¶ 6 (a)-(d)] that the basis of his personal knowledge is that:

> a. I have been employed by Netstandard since 1996.
> b. I was employed by Netstandard in June of 2013 which is the time Citrix claims it sent the Registration Notice to Netstandard.
> c. I have access to all of Netstandard's employee's e-mails, including former employee Leo Hart's e-mails.
> d. I have conducted a search of Leo Hart's e-mails, and was unable to find any such Registration Notice e-mail.

As such, it is clear from Mr. Lane's Supplemental Affidavit that Mr. Lane has personal knowledge of the fact that Netstandard never received the Registration Notice from Citrix. Therefore, the Court should permit Netstandard to supplement Mr. Lane's Original Affidavit with the Supplemental Affidavit in order to cure any defect(s) which may have existed in the Original Affidavit.

WHEREFORE Plaintiff Netstandard, Inc. requests that this Court deny Defendant Citrix Systems, Inc.'s Motion to Strike Declaration of Walt Lane; in the alternative, Netstandard requests that this Court admit Mr. Lane's Supplemental Affidavit in support of Netstandard's Sur-reply, and for such further relief as the Court deems reasonable and necessary.

Respectfully submitted,

Troppito Miller Griffin, LLC

By: */s/Chris M. Troppito*
Chris M. Troppito      #20595
Charles A. Martel       #27523
105 East Fifth Street, Suite 500
Kansas City, MO 64106
(T) 816.221.6006
(F) 816.221.6446
cmt@troppitomiller.com
cam@troppitomiller.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2017, Plaintiff's Response and Memorandum in Opposition to Defendant Citrix Systems, Inc.'s Motion to Strike Declaration of Walt Lane was electronically filed with the clerk of court by using the CM/ECF system, which sent notice of the electronic filing to all registered parties.

*/s/Chris M. Troppito*
Chris M. Troppito

4